CRW

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 4 2020
CLERK, U.S. DISTRICT COURT
By_____
        Deputy
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

Ronald David Sutherland (SO# 8352)
Plaintiff's Name and ID Number

Wichita Co. Jail Box 8526
Place of Confinement  Wichita Falls, TX 76307

February 2020
Amended Complaint

CASE NO. 4:19-CV-216-O
(Clerk will assign the number)

Jury Demand

v.

Sheriff Lane Akin Wise Co.
Defendant's Name and Address

LVN, Casey Sartor
Defendant's Name and Address

FNC, Fleming
Defendant's Name and Address
( DO NOT USE "ET AL.")

200 Rook Ramsey
Decatur TX 76234

All defendants jointly and severally.

All defendants in individual and official capacity.
Resolution of pendent state claims requested in USDC.

INSTRUCTIONS – READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS: *Sutherland does not have access to info on all prior lawsuits.*

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? _X_YES___NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

       1. Approximate date of filing lawsuit: _2013_

       2. Parties to previous lawsuit:

          Plaintiff(s) _Sutherland_

          Defendant(s) _Colvin, Comm. Soc. Sec._

       3. Court: (If federal, name the district; if state, name the county.) _USDC Ft Worth_

       4. Cause number: _2013 US Dist LEXES 143068/139028_

       5. Name of judge to whom case was assigned: _Means_

       6. Disposition: (Was the case dismissed, appealed, still pending?) _Judgment for Sutherland_

       7. Approximate date of disposition: _2015_

2

II.    PLACE OF PRESENT CONFINEMENT: *Wise Co., TX Jail*

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    X YES  ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

*Grievances previously filed in USDC.*

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: *Ronald David Sutherland*
*200 Rook Ramsey, Decatur, TX 76234.*

*For full details of acts and/or omissions see V.*

B.  Full name of each defendant, his official position, his place of employment, and his full mailing address.

*Section, CLAIMS.*

Defendant #1: *Lane Akin, Sheriff Wise Co. 200 Rook*
*Ramsey, Decatur, TX 76234. Failure to Provide:*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*ADA & RA accomodations; Jail policies customs;*
*Proper medical care; adequate food; proper training.*

Defendant #2: *LVN, Casey Sartor 200 Rook*
*Ramsey, Decatur, TX 76234. Sexual assault;*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*failure to provide medical care for serious medical needs;*
*HIPAA violations.*

Defendant #3: *FNC, Fleming Healthcare*
*provider WCSO 200 Rook Ramsey Decatur, TX 76234.*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*Failure to provide medical care for serious*
*medical needs.*

Defendant #4: *Dr. Charles Tibbels Healthcare provider*
*WCSO 2014 Ben Merritt, Ste. B Decatur, TX 76234.*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

*Failure to provide medical care for serious medical*
*needs.*

Defendant #5: *Rick Denney, Wise County Jail*
*Administrator 200 Rook Ramsey Decatur, TX 76234.*

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you. *Failure*
*to provide: Jail policies/customs; ADA & RA*
*accomodation; proper training; adequate food;*
*medical care. Final grievance authority.*

# Defendants Continued

Defendant #7: Dr. Shaw, Healthcare Provider Tarrant Co. 1500 S. Main, Ft Worth, TX 76104
Describe acts or omissions of defendant that harmed you
Failure to provide medical care for serious medical issues.

Defendant #8: Officer Gay, Tarrant County Jailer 100 N. Lamar Ft Wort, TX 76196
Describe acts or omissions of defendant that harmed you: Inhumane conditions of confinement exposure.

Defendant #9: LVN Levana LNUK Tarrant County Jail Nurse 1500 S. Main, Ft Worth, TX 76104
Describe acts or omissions of defendant that harmed you: Inhumane conditions of confinement exposure.

Defendant #10: Dr. Dickinson JPS 1500 S. Main Ft Worth, TX. 76104
Describe acts or omissions of defendant harmed you: He did not perform the surgery necessary in timely manner, delaying 5 days.

Defendant #11: John or Jane Doe, JPS Hospital personnel 1500 S. Main Ft Worth, Tx
Describe acts or omissions of defendant that harmed you: Did not schedule MRI of surgery excessive delay in light of emergent care need for five days.

Defendant #12: Monica Dougherty, Nurse 200 Rook Ramsey, Decatur, TX 76234.
Acts or omissions of defendant that harmed you: Failure to provide medical care for serious medical needs.

3 - A

Defendants Continued

Defendant #13: Officer Ramos, Wichita Co. Deputy
900 7th St Wichita Falls TX 76301
Describe acts/omissions of defendant That harmed you:
WithHeld food/water for over 18 hours in 24 hrs.

Defendant #14: (RN) Perry Nurse Wichita Co.
900 7th St Wichita Falls TX 76301
Describe acts/omission of defendant that harmed you:
Denial of follow up appts./treatment/PT for
spinal injuries. ordered by specialist(s).

Defendant #15: (APRN) R. Hamilton Nurse Practioner
Wichita Co. 900 7thSt Wichita Falls, TX 76301
Describe acts/omission of defendant That harmed you:
Denial of follow up appts./treatment/PT for
Spinal injuies ordered by specialist(s)

Defendant #16: South west Correctional Medical Group
900 7th St Wichita Falls, TX 76301
Describe acts/omission of defendant that harmed you:
Denial of ordered medical treatment/appts/PT.

Defendant #17: Cpl. Routen Wichita Co. Deputy
Describe acts/omission of defendant that harmed you:
Denial of access to courts and grievance system.

Defendant #18: Sgt. Mauldin Wichita Co.
Deputy 900 7th St Wichita Falls, Tx 76301
Describe acts/omission of defendant that harmed you:
Denial of access to courts and grievance system.

3 - B

Defendants Continued

Defendant #19: Sgt Sharp Wichita Co. Deputy
900 7th St Wichita Falls, TX 76301
Describe acts/omission of defendant That harmed you:
Denial of access to courts and grievance system.

Defendant #20: D. Bonnin Wichita Co. Deputy
900 7th St Wichita Falls, TX 76301
Describe acts/omission of defendant that harmed you:
Denial of grievances That could remedy issues.

Defendant #21: S. McGaha Wichita Co. Deputy
900 7th St Wichita Falls, TX 76301
Describe acts/omission of defendant That harmed you:
Denial of grievances That could remedy issues.

Defendant #22: David Duke Wichita Co. Sheriff
900 7th St Wichita Falls, TX 76301
Describe acts/omission of defendant That harmed you:
Failure to provide adequate: medical;
access to courts, and grievance system(s).

3-C

V.   **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) Sutherland alleges violation of his Constitutional rights to receive medical care and be free from conditions of confinement that violate his constitutional rights and seeking injunctive relief and money damages. Plaintiff also seeks declaratory and nominal damage relief and injunction and damages pursuant to the Americans with Disabilities Act and Rehabilitation Act. Request

VI.   **RELIEF:** resolution of pendent State Claims.

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Unspecified: actual, compensatory damages; Punitive damages & Nominal damages. Injunctive relief. Declaration that defendants violated the Constitution. Injunctive and monetary damages for violation of ADA & RA.

VII.   **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Ron Sutherland, Ronald Sutherland

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Bop# 24921-077; TDCJ: 543587; 665220; 1650667,

VIII.   **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   X YES ___ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Fifth Circuit

2. Case number: VNK, information not available here.

3. Approximate date sanctions were imposed: 1997 or 1998

4. Have the sanctions been lifted or otherwise satisfied? ___ YES X NO
   3 Strikes X XX/XXX

4

Claims Continued:

1A) In April, 2018, Sutherland was treated by:
UT Southwestern, Dallas; Baylor Dallas;
Dr. Alexander Amby 6363 E Mockingbird,
Dallas, TX 75214. Conditions diagnosed
and requiring surgeries: Type 4 Separated
Shoulder left; spinal injuries/conditions;
torn/subluxing tendons & ligaments right
hand. Referrals to 3 specialists for surgeries
were made by Alexander Amby, one was
5/21/18, 4 days after arrest. At last appt.
With Dr. Amby weight was 236, 05/2018.
1B) On May 17, 2018, Officer Beatty's Axon body
camera depicts Sutherland at time of arrest
entering jail with severe limp and pronounced
footdrop and bone jutting 2 inches above
shoulder. On this video Sutherland is seen
entering the jail and showing, telling
Officer Waite (WCSO) of medical needs
and recent MVA. Officer Waite
informed medical and only thing Suther-
land received was sick call request(s)
for five weeks, when emergent care needed.
1C) At no time during the pendency
of this action on 5/17/18 to present
has anyone at WCSO Healthcare
examined and/or treated shoulder
injury or hand injuries. Both these

4 - A

claims continued:
are clearly visible and in need of care even to lay people.
2) Upon arrival at Wise County Jail
Sutherland began requesting medical
treatment. LVN Saxtor answered
requests by stating the records had
been sent for. Family brought meds
with Dr. Amby's name address on
them. Sutherland's condition was serious
and 3 different surgeries were needed.
He was unable to walk far any distance
and lost feeling in lower extremities
Every week, for five weeks, he was
told records were sent for by Nurse
Daughtery and Saxtor, no treatment.
3) Saxtor began to sexually harass
Sutherland by brushing his penis
and attempting to fondle him. Finally
Sutherland filed a grievance after
five weeks. Sutherland was seen
by FNC Fleming and Nurse Saxtor
He stated he could not feel his legs
and walking was difficult. FNC
Fleming never asked Sutherland to
remove his shirt or pants. She
ordered no diagnostic imaging. She
simulated a neuro exam. When
Sutherland displayed no reflexes she
became agitated and grabbed

4 - A - 1

Claims Continued:

his foot and made a knee jerk. She also said Sutherland walked to the appt, so he must be okay and should be able to heel/toe walk. Sutherland could not. Sutherland won a judgment in this very court concerning disability issue. Sutherland V. Calvin, 2013 US Dist LEXTS 143068/139078. His medical records up to that date are on file in this court. Sutherland requests this court take Judicial Notice. It is well documented that even before the accident Sutherland had little to no knee jerk on left, and nothing below ankle.

4) At the encounter with FNC Fleming, Nurse Sartor claims she cannot find the Dr. Amby at 6363 E. Mockingbird, Dallas, Tx 75214, which she is/has been giving Sutherland his meds from bottles with his name on them.

5) Two days after the failure to treat Sutherland by Fleming and Sartor, he lost all feeling in his legs because of severely compressed nerves and fell injuring his

4 - B

Claims Continued

Leg and hand. He was on camera on the floor when officers arrived. Sutherland was transported to the Hospital, Wise Co. Regional and then by ambulance to John Peters Smith Hospital (JPS)

5) At JPS Hospital Sutherland languished away at (actually) in the emergency room for 4 days and 5 nights, virtually forgotten. The morning of the 5th day emergent surgery was performed after the MRI that was delayed for 5 x 24 hours revealed severely compressed nerves at L4-L. Dr. Dickinson or Dirkson performed the surgery that was delayed, but indicated upon Sutherland's arrival at JPS.

6) Upon return to Wise Co. Jail Sutherland was required to change his own bandages on several occasions and at times had to lay in blood and fluids that nurses Safal and Daughtery ignored. He developed an infection that was finally addressed by Dr. Dirkson as JPS follow up, which was

4-C

Claims continued

noted by Sutherland's visitors twice. FNC

Fleming never once looked at, Sactor and Daughtery merely ignored all signs of infection. No accomodations were made for Sutherland, i.e., no cane or walker or wheelchair; no extra mattresses or blankets. Nothing to accomodate the obvious need not to lay on a steel bunk with only 2 inches of foam with 10 inch wound on back and C-Spine Stenosis. Dr. Shaw ordered these accomodation upon arrival at Tarrent County Jail.

7) Dr. Charles Tibbels saw Sutherland. He did not get out of his chair. No: BP; Temp; pulse. He did no exam whatsoever; He did not look at shoulder, back, or hand. No looking at ears; nose, mouth, throat or eyes. Nothing. He made a recommendation that shoulder surgery would have to wait, as did FNC Fleming w/o exam also. Tibbels did this on two ocassions. Did not even give the pretense of exam.

8) On or about 10/29/19 Sutherland was transported to Tarrent County Jail. He was seen by Doctor Shaw.

4-D

Claims Continued:

From 5-14-18 to 7-30-18, based on weighing, Sutherland lost 35 lbs in 2½ months, but Dr. Tibbels stated w/o any exam this was okay. No tests or exam was warranted. Dr. Shaw ordered shower with rails and seat; and toilet with rail(s) cane; 2 blankets 2 mattresses. He also referred Sutherland to ortho for shoulder, He was seen by Dr. Patel who stated the extreme delay in treating the shoulder would mean repair would be difficult, if it did not fail. Surgery was ordered. Dr. Shaw failed to follow through with those orders by an ortho specialist. Muscle tendons atrophied.

9) The food portions at Wise County Jail are inadequate and the meals are not served hot. This has caused Sutherland to lose weight in an extreme fashion while unable to exercise. There is no reason for such

10) Sutherland has received no treatment whatsoever and he was transferred back to Wise County Jail on 2/8/19. To the date of filing he has seen no medical personnel for any exam or treatment at all at Wise Co. Jail.

H - E

Claims Continued!

Until he fell on 5/7/19.

11) Sutherland was moved to Lon Evan 24 A#7 on 12/22/18, by officer Gay. Nurse Levaria LNUK on duty. At 18:00 to 22:00 Sutherland was in deplorable inhumane conditions that continued for days. The smell of feces all over the walls and around the toilet was so bad officers put blankets in front of door to contain smell. Bloody bandages, feces decaying food and trash all over the cell. No living creature should be housed in such an environment. This is documented on cameras that were in cell and outside cells.

12) Sutherland still needs surgery on right hand and left shoulder. Both ordered by numerous specialists. Sutherland now walks with a cane and has pain and more loss of feeling bilaterally in lower extremities as result of the deliberate indifference to serious medical needs. This failure to treat a serious medical need Continues. RA A D A and H T P AA violations of disclosure of medical records by named defendants also
A - F

Claims Continued:

The failure to allow needed care and PT has resulted in pain and muscle/tendon atrophy.

13) Sleep deprivation is practiced at Wise County Jail. The bright flourescent lights are turned on 19-20 hours a day, weekdays and 21-22 hours a day on weekends, which makes sleep impossible. Policies of Akin/Denney.

14) In August Sutherland was placed in a cell that Officer Tucker measured the temperature in at 62-64 degrees, 24-7, no relief.

15) Although Physical Therapy (PT) was ordered by Ortho, Sutherland was not given PT because of cost considerations. He was instead given parts of a book, "Heal Your Own Back." Many of the exercises were contraindicated by the recommendations in the book itself. After 3 recommendations by neuro specialist(s), and re-injury, Physical Therapy (half of recommended sessions) finally approved 1 year later.

15A) Private medical information is routinely displayed in main Hallway by Salter, Dougherty, Denney for all to see. Policy, Practice & custom.

4-G

Claims Continued!

16) When nerve roots are compressed symptoms develop. In the instant case, this was evinced by loss of feeling and motor functioning in lower extremities, blood flow to nerves are cut off and tissue necrosis occurs. This is the rationale for the damage caused in this case by the 5 or 6 weeks of delay in delivering treatment for spinal injuries. This was treatment necessary in assessment by doctor(s) in the 30-40 days prior to incarceration. Sutherland requested treatment at Wise Co. Jail and filed grievances to obtain that treatment to no avail, he was denied treatment until he fell and injured himself and could no longer walk at all.

17) Judicial notice should be taken of documents submitted in Sutherland V Colvin, 2013 US Dist LEXIS 143068/ 139078, numerous medical records, mostly from treating specialist doctors. These doctors all concluded Sutherland has restrictions related to lumbar spine: difficulty bending at waist or squatting; cannot stand for long or walk long distances, etc. More recent CT scans,

4 - H

Claims Continues:

One on 4-12-18, also revealed severe spinal canal stenosis and foriminal stenosis at the cervical region. Doctors also found detached and subluxing tendons in rt., predominant hand. After two months of requests and grievences, Sutherland is seen by Dr. Tibbels. Sutherland presented him with a one page written list of issues he seeks treatment for, i.e., rt. hand cervical and lumbar spine issues and Type 4 separated shoulder and requests for RA & ADA accomodations. This was in April, 2019. Dr. Tibbels did no exam whatsoever. No range of motion; no leg raises; no reflex check and did not request pants or shirt removed. He did look at hand from 5 ft. away and note the injuries. He did glance at the list and say the only thing you'll get is you can keep the cane. Sutherland had asked for handicap cell with rails around toilet. This was also denied. Other accomodations 2 mattresses and 2 blankets an spange over lay for pen and spoon.

4-I

Claims Continued!

18) After no exam by Tibbels he asks
If there are medical records
available to support Sutherland's
claims that he visibly sees in hand
at the shoulder. Medication's
and medical records came with
Sutherland from JPS when he
returned from Tarrant Co. Suther-
land saw these records from JPS
Dr. Shaw and JPS ortho Dr. Patel.
Yet, Nurse Sactor says she
did not receive these records
that were handed to her by
transport officers. This results
in further delays. No diagnostic
imaging requested or other tests
known by medical standards
of care by medical standards of
medical community, x rays or
CT, MRI. Sutherland must prove
he needs care by providing
medical records and not by exam
and referral to known tests. Even
18A) a layperson could see some
type of medical care is warranted.
18 A) Discharge instructions from
Baylor Hospital on 4-12-2018,

4-J

Claims Continued:

(over one year since): "Discharge
Instructions. Surgery for A/C separ-
ation. Care after with rehab...
When, A.S.A.P." Dr. Patel JPS ortho
Clinic January, 2019, recommends
Surgery, and consult with Shoulder
Surgeon. Patel states, "delay has
resulted in shrinking of tendons/ligaments
and muscle atrophy. This is going to
make repairs less likely to be success-
ful. The lack of exam and further
delay to see Or The specialists
for 14 months now is same as
no treatment for hand or Shoulder.
19) Sutherland has continuously asked
for care and accomodations and
rehab for 14 months by sick
call requests, verbally and in writing
to Doctor Tibbels and FNC Fleming
and filed grievences. Nothing for
hand or Shoulder and no accomodations.
20) The delay and denial of care here
at Wise County Jail is a policy, practice,
or custom. It is attributable to
all Medical Dept. personnel and
Rick Denney and Lane Akin. The
very first question out of both

4 - K

Claims Continued:

Fleming and Tibbels was when are you going To TDCJ and Fleming refusing to even look at hand or shoulder stating you can get that looked at in TDCJ. That was more then a year ago. The treatment has been ordered by specialists for hand and shoulder, both before and since incarceration. Tibbels stated all care is jail centric and it's impetus is costs. It is a "jail care" standard and is not that of proffessional standard of care of the medical community.

20A) That failure to follow a standard of care recugnized by medical community is the proximate cause of the permanent damage to nerves and loss of feeling and motor functioning in lower extremeties. It has resulted in shrinkage of tendens and ligaments in hand and pain as well. It has resulted in muscle atrophy and shrinking of tendens and ligaments in lower left leg. The shrinkage of tendens and ligaments in the left shoulder and pain of type 4 shoulder

4 - K - 1

Claims Continued:

Separation.

21) On Shaw of JPS and Levada, LNUK, LVN at Tarrant County made rounds daily and were responsible for the care of two men, Otis Shepard and Roveke Jenkins. They allowed the inmates care to lapse into the inmates living in feces, bloody bandages and trash. A condition that was compounded by officers lack of concern and lack of cleaning that constituted the deplorable conditions Sutherland was introduced into and lived in for days. Sutherland was basically forced to care for these inmates and change diapers, clean feces without gloves or proper protection for over 2 weeks until he was moved. These conditions were well below any standard of decency and were cruel and unusual. A camera in the cell documented this. A sgt. at Tarrant County stated she was aware of and had viewed the video as did a Captain and others.

22) Nurse Sartar Claims Sutherland's records from JPS and Tarrant County did not accompany him to nurse County. Sutherland saw these documents delivered by transport deputies from Tarrant County. This was a further

~~record keeping~~                4-L

flagrant attempt and a pattern to delay
treatment for serious medical needs;
primarily to reduce costs.
23) Sutherland has been segregated
for months as a practice, policy
here at Wise County of separating
handicapped or disabled prisoners. Stated
reason is a light, hollow, aluminum
cane. Yet, Mop buckets, 1½" wooden
handles feet long handles an brooms
and wood deck brushes are introduced
into cells daily. Seg an rec yard also.
No contact with others.
24) Rick Denney, jail admm. and final
grievance authority could surely read
medical files and intervene and allow
proper medical treatment by outside
surgeons and specialists. This would
override his Yes men and women.
Dr. Tibbels and Nurse Saxtor, RESPECT-
IVELY. These delays have and are
causing permanent damage and pain
Suffering that serves no legitimate
penalogical purpose.
25) Privacy and HIPAA violations are
rampant here at Wise County. Medical
files are left on display in main
hallway and medical is also a

~~Second Amend~~      4 - M

Claims continued!

break room for staff where all medical files are readily available. Jailers routinely read medical files and pass out medications and sit in on medical exams by providers.

26) Sutherland is and has been a pretrial detainee and has not been convicted of committing a crime in over ten years.

27) After repeatedly requesting a handicap cell, both verbally and in writing from Tibbels and via grievances, as Sutherland has issues with lower extremities and uses a cane to ambulate, Sutherland fell trying to use toilet and he was injured. This exacerbated previous injuries to spine. It also resulted in injury to shoulder and head contusion and laceration. Sutherland was transported to the ER on 5/7/19 after this fall. He was treated for the above injuries, and a CT of the spine indicated significant changes to lumbar spine, i.e, compression of transverse, bilateral L5 nerve root; L4 nerve root

4 - N

Claims continued:

impingement, mass effect on Cauda equina. This has caused Sutherland to lose use of lower left extremity and use of that leg. He is now in a wheelchair. Previously, he could walk with use of a cane.

28) Dr. Tibbels saw Sutherland after this fall but did no exam at all, as is his usual custom. He did not schedule Sutherland to see ortho spine. He said Sutherland would need to wait for his already scheduled follow up in June. It is a medical standard of care by the medical community of care standards to treat a nerve root compression as an emergency with immediate intervention. The delay amounted to no treatment whatsoever.

29) On 6/3/19, Sutherland was seen by JPS' ortho. For the third time since his incarceration Physical Therapy was ordered along with an MRI study and intraspine injection(s). After more then a year passed since order of PT,

24 - 0

Claims Continued:

PT was approved, but only half the PT sessions were approved by Dr. Tibbels. This extreme delay has resulted in atrophy and tendons & ligaments shrinking make recovery less likely.

30) The failure to allow Sutherland to participate in specialist ordered PT by Dr. Tibbels; Ricky Denney; and Lane Akin was a violation of the Rehabilitation Act.

31) The injuries caused by the fall on 5/7/19, were a direct result of failure to accomodate under the Americans with Disabilities Act by Dr. Tibbels; Rick Denney; and Lane Akin.

32) Sutherland exhausted all admin. remedies. It was stated in grievances "The medical care you believe you should have." No, several specialist stated Sutherland needed the medical care and still does. These records were obtained by Wise County Jail. Thus, Dr. Tibbels; FNC Fleming; Rick Denney; and Lane Akin all could have seen to it Sutherland received proper care.

4 - P

33) When transferred to Wichita Co. Sutherland was receiving Physical Therapy (PT) 2 to 3 times weekly. This was not complete. This was ordered by two specialist(s). This Physical Therapy was discontinued by R. Hamilton and Nurse Perry without legitimate medical reason and no doctor's orders. This denial of required PT has led to regression of the conditions, i.e., loss of sensation in lower extremities; reduction in range of motion; edema; and increased neuropathy.

34) R. Hamilton and Nurse Perry have not scheduled the nerve conduction survey and follow up treatment ordered by specialist(s) concerning spinal injuries. These orders were provided by JPS and delivered to Nurse Perry and R. Hamilton on or about 8/14/19.

35) Officer Ramos denied Sutherland food and water for 18 hours after he underwent shoulder surgery for retaliation because Sutherland previously filed grievance on her for driving 90 miles per hour in a driving rainstorm and denying him meds for Blood pressure.

4 - Q

36) Cpl. Routen, Sgt. Mauldwin, and Sgt. Sharp all refused to allow Sutherland to file a legitimate grievance on denial of access to courts due to no access to a law library and Sutherland is pro se in two active civil actions and desires to file a habeas corpus on denial of due process in The parole revocation processes. Moreover, he was/is attempting to file for sanctions and discovery in Sutherland V Stewart, et al # 067-301988-19, in The 67Th District Court of Tarrant County. David Dute has provided only a form to request legal materials That require exact quotations and delivery of requested materials in 4-6 weeks. Sutherland has been unable to pursue The above actions with The current Wichita Co. system.

37) David Dute has not ensured medical needs have been met of Sutherland.

38) S. McGaha and D. Bonnin were grievance commitee members that could have rectified The above legitimate grievances but did not.

4-R

C. Has any court ever warned or notified you that sanctions could be imposed?    X  YES ____ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _See above_

    2. Case number: _Unknown_

    3. Approximate date warning was issued: _1997 or 1998_

Executed on: _February 3, 2020_
         DATE

_Ronald Sutherland_
_Ronald Sutherland_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _3rd_ day of _February_, 20 _20_.
      (Day)          (month)      (year)

_Ronald Sutherland_
_Ronald Sutherland_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Ronald Sutherland SO#8352

Box 8526

Wichita Falls, TX 76307

February 3, 2020

Clerk, U.S. District Court

501 W. 10th St. #310

Ft Worth, TX 76102

RECEIVED

FEB - 4 2020

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Dear Sir/Madam:

Re: Sutherland V. Akin, et al. 4:19 cv 216-O

Enclosed please find one original of February 2020 Amended Complaint. Please file This among The other documents in This case and bring The matter to the attention of The Court.

File stamp and return The enclosed copy of this letter in The provided SASE.

Thank you for your kind assistance in This matter.

Sincerely,

Ron Sutherland

CC: file

Encl: Amended Complaint



FORT WORTH DIVISION
RECEIVED



Ronald Sutherland  so#8357
P.O.Box 8526
Wichita Falls,TX 76307

Clerk
U.S. District Court
501 W. 10th St.
Ft Worth, TX 76102

Legal
mail