IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD SUTHERLAND, | § | |
| (aka Ronald David Sutherland), | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-cv-216-O |
| | § | |
| LANE AKIN, Sheriff, | § | |
| Wise County, Texas et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF PARTIAL
DISMISSAL UNDER 28 U.S.C. § 1915A(b)(1)**

This case is before the Court for review of *pro-se* Plaintiff Ronald Sutherland's ("Sutherland") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915A(b)(1).[1] Having reviewed and screened the claims in the amended complaint, along with Sutherland's lawsuit history, the Court concludes that some of Sutherland's claims and some defendants in this case must be dismissed under authority of this provision.

**I.   BACKGROUND**

---

[1] Although Sutherland initially sought to proceed in forma pauperis, the Court dismissed the case as Sutherland had three prior "strikes" under 28 U.S.C. § 1915(g) that barred him from proceeding in forma pauperis. Order Dismissing Case 2, ECF No. 5 (citing *Sutherland v. Collins*, No. 97-40777 (5th Cir. Aug. 26, 1999) (determining that Sutherland was barred under § 1915(g) "because, on at least three prior occasions while incarcerated, Sutherland has brought an action or appeal in a court of the United States that was dismissed as frivolous or for failure to state a claim upon which relief could be granted"(citing *Sutherland v. Zeller*, No. 95-40314 (5th Cir. 1995); *Price v. Tex. Dep't of Criminal Justice*, No. H-94-4412 (S.D. Tex. Sept. 17, 1996); and *Sutherland v. Unidentified Larson*, No. 96-40132 (5th Cir. 1996))). Sutherland then paid the applicable filing and administrative fees and moved to reopen the case. Mot. Reopen, ECF No. 9. The Court granted that motion, reopened the case, and directed that as Sutherland was a prisoner under § 1915A(c), his claims remained subject to screening. Order, ECF No. 10.

### A. Pleading History

Sutherland initially filed a civil-rights complaint form with attachment pages. Compl., ECF No.1. Subsequently, Sutherland, without seeking leave of Court, filed several additional handwritten pleadings, including: a "First Amendment/Supplement" (ECF No. 11); a "Second Amendment/Supplement" (ECF No. 12); and a "Third Amendment/ Supplement" (ECF No. 13). The Court then directed Sutherland to file a form civil rights complaint with any attachment pages as an amended complaint, and informed Sutherland that "once the form amended civil-rights complaint is filed, the Court [would] look **only** to that document with any attachment pages in reviewing his claims." Order, ECF No. 14 (emphasis in original). In accordance with the Court's order, Sutherland filed an amended complaint with attachment pages. Am. Compl. 1-26, ECF No. 15. Before the Court could screen that document, Sutherland, without seeking leave of Court, filed a First Amended Complaint, which the Court hereby construes as a motion to amend complaint. Mot. Am. Compl. (First Am. Compl.), ECF No. 18.

### B. Motion to Amend with a First Amended Complaint

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend once as a matter of course. Otherwise a party may amend pleadings only by consent of the parties or by leave of court. Fed. R. Civ. P. 15(a)(2). But leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). An amendment to a pleading will "relate back" to the date of the original pleading only if the claims asserted in the proposed amended pleading arise out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). The Fifth Circuit has held that an amendment which states a new legal theory of recovery on existing facts, or which amplifies the facts alleged in the prior complaint, will properly relate back to the prior complaint. *See FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994); *FDIC*

2

*v. Bennett*, 898 F.2d 477, 480 (5th Cir. 1990). Conversely, a claim sought to be added by amendment "will not relate back if it asserts new and distinct conduct, transaction, or occurrences as the basis for relief." *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 863 n. 22 (5th Cir. 1993).

The determination whether to grant leave to amend is a matter within this Court's discretion. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002). The Fifth Circuit has held that leave to amend should be granted "unless the movant has acted in bad faith, or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) (citations omitted). The Court also has discretion to deny leave to amend when "[a]mendment of the pleadings would add new and complex issues to a case." *Ross v. Houston Indep. Sch. Dist.*, 699 F.2d 218, 229 (5th Cir. 1983); *see also Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427-28 (concluding the district court did not abuse its discretion in denying leave to amend when the proposed amendment "essentially pleaded a fundamentally different case with new causes of action and different parties").

As noted above, in addition to his original complaint, Sutherland also filed three amendments/supplements that left the Court with having to review four partial pleadings. Order Am. Compl. 1-2, ECF No. 14. Instead of such piecemeal construction, the Court gave Sutherland the chance to restate all of his claims against any defendants through the filing of a civil-rights complaint form with attachment pages. *Id*. at 3-4. Sutherland then filed the 26-page amended complaint. Am. Compl. 1-26, ECF No. 15. Review of that document shows that Sutherland asserted claims of constitutional violations, a claim under the Americans with Disabilities Act

3

("ADA"), a claim under the Rehabilitation Act of 1973 ("RA"), and other claims. *Id.* at 3-5. Sutherland brings these claims against eleven individual defendants arising from the conditions of his confinement and the provision of medical care at the Wise and Tarrant County Jails and at John Peter Smith Hospital from approximately April 2018 until December 2018, and then later into June 2019. *Id.* at 6-23. Sutherland's amended complaint was filed in July 2019.

The proposed first amended complaint construed as a motion for leave to amend complaint was filed in February 2020. First Am. Compl. 1, ECF No. 18. Sutherland incorporates the bulk of the portions of the existing amended complaint but also adds wholly new facts and new defendants for actions taken during a time period after this case was filed and after the amended complaint was docketed. First Am. Compl. 5-6, 26-27, ECF No. 18. In the proposed document, Sutherland adds ten new defendants, all of whom are officers or employees of Wichita County, Texas, or a medical provider in Wichita County. *Id*. All of the facts in the newly proposed first amended complaint arise from alleged failures of Wichita County officials to provide adequate medical care and conditions of confinement, after Sutherland was transferred into the Wichita County Jail in August 2019. *Id*. at 26. Of course, that was long after Sutherland filed this case and the live pleading, the amended complaint. Furthermore, other than reciting the same constitutional violations and ADA/RA claims, the new factual allegations against the ten new defendants have no connection to the time period, claims, or defendants already before the Court as recited in the amended complaint. Thus, the new portions of the motion to amend/first amended complaint raise entirely new facts that arise in a new time frame (all after the suit was filed) against entirely new defendants. It appears that Sutherland, then still a § 1915(h) "prisoner" subject to the three-strike bar of § 1915(g), filed this motion for leave to amend/first amended complaint while housed in the

4

Wichita County Jail, in an effort to avoid paying the filing fee associated with bringing these Wichita County claims as a new suit. As such, the Court finds that Sutherland's proposed first amended complaint was presented in bad faith and, thus, leave to amend must be denied. The Court will deny Sutherland's first amended complaint, construed as a motion for leave to amend, and screen and review only the claims stated in Sutherland's amended complaint.

### C.     Amended Complaint

The amended complaint is thus the operative complaint subject to review under 1915A. In his statement-of-claim section of the form amended complaint, Sutherland writes:

> Sutherland alleges violation of his constitutional rights to receive medical care and be free from conditions of confinement that violate his constitutional rights and [I am] seeking injunctive relief and monetary damages. Plaintiff also seeks declaratory and nominal damage relief and injunctive and damages pursuant to the Americans with Disabilities Act ["ADA"] and Rehabilitation Act. [Sutherland also] requests resolution of pendent state law claims.

Am. Compl. 5, ECF No. 15. In the relief section, Sutherland seeks:

> Unspecified actual, compensatory damages, punitive damages, nominal damages, injunctive relief. Declaration that defendants violated the Constitution. Injunctive and monetary damages for violation of ADA and RA.

*Id.*

Sutherland names the following defendants in both their individual and official capacities: Wise County Sheriff Lane Akin; Licensed Vocational Nurse ("LVN") Casey Sartor; Healthcare Provider Sue Fleming; Wise County Jail Dr. Charles Tibbels; Wise County Jail Administrator Rick Denney; Tarrant County (John Peter Smith ("JPS Hospital") Dr. NFN Shaw; Tarrant County Jail Officer Gay; Tarrant County Jail LVN Levania; JPS Hospital Dr. Dickinson; unnamed JPS personnel John or Jane Doe; and Wise County Nurse Monica Daugherty. *Id.* at 3-4. Sutherland recites that for the time periods complained of in his amended complaint, he "has been a pretrial

5

detainee and has not been convicted of committing a crime in over ten years." *Id.* at 21.

Sutherland recites that in April 2018, he was treated by physicians at UT Southwestern and Baylor Hospital Dallas and diagnosed with a separated shoulder, a spinal injury, and tendon and ligament damage in his right hand. *Id.* at 6. He was subsequently arrested on May 17, 2018 and detained at the Wise County Jail where he immediately began requesting medical care and treatment. *Id*. at 6-7. Sutherland recites a lengthy narrative of the conditions of confinement at the Wise County Jail and alleged actions and inactions of the named Wise County defendants, which ostensibly led to loss of all feeling in his legs, compressed nerves, and a fall that injured his head and hand. *Id*. at 8-9.

As a result of the fall, Sutherland was transported to the Wise County Regional Hospital, and then by ambulance to JPS Hospital. He complains that he was in the emergency department at JPS for four days and five nights until he received a surgical procedure for severely compressed nerves at L-4. *Id.* at 9. Upon his return to the Wise County Jail, Sutherland alleges that he had to change his own bandages, was exposed to bed conditions of blood and bodily fluids, and was ignored by defendants Sartor and Daugherty. *Id*. He also complains that signs of infection were ignored, and that he was forced to lay on a steel bunk with a thin mattress even though he had a ten-inch wound on his back. *Id.* at 10.

Sutherland asserts that between May 14, 2018 and July 30, 2018, he lost 35 pounds, but that Dr. Tibbels determined that was all right without performing any exams or testing. *Id*. at 11. Sutherland received a referral to an orthopedic specialist, but he contends Dr. Shaw failed to follow that doctor's recommendations, and he received no treatment while at the Tarrant County Jail. *Id.* Sutherland also alleges he was moved to the Tarrant County Jail Lon Evans facility in December

6

2018 by Officer Gay and Nurse Levania and then subjected to "deplorable inhumane conditions that continued for days" including "feces on the walls" and "around the toilet," "bloody bandages," decaying food, and trash all over the cell. *Id*. at 12. Relatedly, Sutherland avers that he was subjected to these conditions by LVN Levania and two other inmates whom he had to care for without gloves or proper protection for over two weeks. *Id.* at 19.

In addition, Sutherland complains that he still required surgery on his right hand and left shoulder, and that the failure to timely provide surgery resulted in him having to walk with a cane and the losing feelings in his lower extremities. *Id*. He contends this amounted to deliberate indifference. *Id.*

Sutherland next recites that at the Wise County Jail he was subjected to bright fluorescent lights for 19-22 hours per day and was, at times, subjected to a cell with a temperature of only 62-64 degrees. *Id*. at 13. He also contends that although physical therapy was ordered for him, he was never given such therapy due to cost concerns. *Id.* He also alleges that Wise County Jail officials routinely displayed private medical information. *Id*. Sutherland also alleges that he repeatedly requested recommended treatments to no avail, until he "fell and injured himself and could no longer walk at all." *Id*. at 14.

Sutherland next complains of the refusal of Dr. Tibbels and Dr. Shaw to access, review, and acknowledge the medical records that supported his claims. *Id.* at 14-15. He again contends that in spite of providing information supporting the need for treatment of his right hand, cervical and lumbar spine, and "Type 4 separated shoulder," Dr. Tibbels would not give him sufficient accommodations or an exam. *Id.* at 15. With regard to LVN Sartor, Sutherland alleges that she claimed she was unaware of medical records from JPS documenting his conditions, even though she was handed the records by a transport officer. *Id. at 16, 19-20.*

Additionally, Sutherland continues to claim that in spite of access to the April 2018 records

from Baylor Dallas and the JPS records of his examination in their orthopedic clinic, Wise County officials refused to properly treat him for more than 14 months. *Id.* at 17. He writes that although he repeatedly filed grievances to Dr. Tibbels and Sue Fleming, he received no treatment for his hand or shoulder. *Id.* Rather, Sutherland alleges that, in response to his inquiries about treatment, these defendants repeatedly asked when he was to be transported to TDCJ. *Id.* at 18. Sutherland alleges the delay in care has caused him to sustain permanent nerve damage and loss of feeling and motor function in his lower extremities. *Id.*

Sutherland also contends that Jail Administrator Rick Denney should have been familiar with his medical condition and recommendations and, thus, should have responded to his grievances and overridden Dr. Tibbels and Nurse Sartor's alleged failure to treat him. *Id*. at 20.

Sutherland reports that in May 2019, after his repeated requests for a handicap-accessible cell and the filing of grievances over such failure, he fell and was injured, "exacerbating [the] previous injuries to [his] spine." *Id*. at 21. He contends that a CT scan of his spine revealed significant changes to his lumbar spine, including "compression of transverse bilateral L 5 nerve root; L 4 nerve root impingement [and] mass effect on cauda equina." *Id*. at 21-22. He reports that though he previously could walk with the use of a cane, as a result of the fall, he is now restricted to a wheelchair. *Id.* at 22. Sutherland alleges that Dr. Tibbels, even though he saw Sutherland after this fall, failed to examine him. *Id*. Sutherland reports that although he was again seen in the JPS orthopedic clinic in June 2019 and physical therapy was ordered, Dr. Tibbels approved only half of the PT sessions that were approved. *Id*. at 22-23.

Among his claims, Sutherland writes the "failure to treat his serious medical needs" amounts to a violation of the ADA and RA. *Id.* at 12. More specifically, he alleges that a failure to allow him to participate in the ordered physical therapy by Dr. Tibbels, Rick Denney, and Lane Akin "was a violation of the ADA." *Id.* at 23. He also alleges that the May 2019 fall he sustained

was a "direct result of failure to accommodate under the [ADA] by Dr. Tibbels, Rick Denney, and Lane Akin. *Id.*

## II. LEGAL STANDARD OF REVIEW UNDER § 1915A

As noted, at the time he filed this suit, Sutherland was an inmate at the Wise County Jail in Decatur, Texas. Compl. 1, ECF No. 1. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C. § 1915A(a) (West 2019).[2] That provision permits the *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.§ 1915A(b)(1) and(2) (West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

[2]Sutherland recently informed the Court that he was released from confinement and, thus, requests to suspend the screening required under § 1915A. Mot. Serve and Suspend Screening 1, ECF No. 24. Because Sutherland was a "prisoner" as defined under §1915A(c) at the time he filed this lawsuit, the screening provisions apply despite his subsequent release. *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997); *accord Rackely v. Gusman*, CA No. 08-0825, 2009 WL 159170, at *1 (E.D. La. Jan 16, 2009). Thus, Sutherland's motion to suspend screening (ECF No. 24) must be **DENIED**. To the extent Sutherland also seeks to be allowed the issuance of summons, the motion is **GRANTED** only to the extent permitted by the Order Regarding Completion and Issuance of Summons issued this same day.

action" are insufficient to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. Claims Seeking Relief for Constitutional Violations under 42 U.S.C. § 1983

#### 1. <u>No Personal Involvement - Sheriff Lane Akin/Administrator Rick Denney</u>

The Court first considers Sutherland's claims for violation of his federal constitutional rights through 42 U.S.C. § 1983.[3] A claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979). The Court first considers Sutherland's individual liability § 1983 claims against Sheriff Akin and Jail Administrator Denney.[4] Sutherland initially writes that Wise County Sheriff Lane Akin "failed to provide . . . jail policies and customs [to insure] 'proper medical care, adequate food, and proper training.'" Am. Compl. 3, ECF No. 15. As to Jail Administrator Denney, he similarly writes that he "failed to provide . . . jail policies/customs . . . proper training, adequate food, medical care, [and had] final grievance authority." *Id*. Next, he alleges that "policies of Akin/Denny" were responsible for the excess hours of fluorescent light in his cell. *Id.* at 13. Sutherland also contends that the "delay and denial of care here at Wise County Jail is a policy and custom . . . attributable to all Medical Department personnel and Rick Denney and Lane Akin." Id. at 17.

As to these allegations, Sutherland appears to have named Akin and Denney purely because

---

[3]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[4]The Court will separately address Sutherland's claims against these two defendants under the ADA and RA *infra*.

of their supervisory capacity roles as the top administrators of the Wise County Jail. But, § 1983 does not authorize supervisory liability based only on *respondeat superior* or any theory of vicarious liability. *See Alton v. Texas A&M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts of omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.") (citations omitted). Thus, to the extent Sutherland has named Akin and Denney as responsible for the actions of subordinate officers under a theory of vicarious responsibility or *respondeat superior,* such a claim alone is insufficient to state a claim under § 1983. *See Ashcroft,* 556 U.S. at 676 (2009) (citing *Monell v. New York Dep. of Social Servs.*, 436 U.S. 658, 691 (1978)).

As noted above, Sheriff Akin and Administrator Denney are responsible under § 1983 only for their own actions and omissions. *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). Lane and Denney may be personally liable if they "(1) failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Estate of Henson v. Callahan,* 440 F. App'x. 352, 356 (5th Cir. 2011) (citing *Thompson v. Upshur Cnty., TX.* 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted)). To state a claim of deliberate indifference in this context, generally requires "a showing 'of more than a single instance of the lack of training or supervision causing a violation of constitutional rights.'" *Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2003) ("[A] plaintiff [must] demonstrate 'at least a pattern of similar violations'" arising from training or supervision "that is so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'") (quoting *Thompson,* 245 F.3d at 459)).

As noted, Sutherland recites conclusory claims against Akin and Denney of a failure to have sufficient training policies, but he has not cited actual facts to show a pattern of similar violations that arise from the alleged failures. As Sutherland either alleges insufficient personal involvement by defendants, or asserts conclusory claims of inadequate training, Sutherland's § 1983 claims against Akin and Denney in their individual capacities must be dismissed for failure to state a claim upon which relief may be granted.

2. No Claim Against Denney for Failure to Respond to Grievances

Sutherland also complains of Denney failing to adequately review his medical records in order to respond to his grievances as the "final grievance authority." Am. Compl. 20, ECF No. 15. "The law is clear that the plaintiff is not constitutionally entitled to an investigation of his complaints or administrative grievances or to a favorable response thereto." *Hayward v. Douglas, et al.*, No. 07-072-FJP-DLD, 2011 WL 13182993, at *5 (M.D. La. March 1, 2011). Congress requires inmates to exhaust their "administrative remedies as are available . . ." 42 U.S.C. § 1997e(a) (West 2012). A prison system is not, however, required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to it. 42 U.S.C. § 1997e(b) (West Supp. 2017). Thus, allegations of a delay or denial in the processing of a grievance do not state a claim of a constitutional violation.

As the United States Court of Appeals for the Fifth Circuit found in *Geiger v. Jowers:*

> Insofar as [the inmate plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance process, the district court did not err in dismissing his claims as frivolous . . . [an inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance

procedure does not amount to a constitutional violation." (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996))). Another district court thus explained that "Congress established the exhaustion requirement to give prison and jails the first opportunity to address complaints by inmates, but inmates do not have a basis for a lawsuit because they are dissatisfied with the grievance procedure." *Stafford v. McKay,* CA No. 5:10-cv-35, 2010 WL 4274758, at *9 (E.D. Tex. Sep. 27, 2010), *R. & R. adopted,* 2010 WL 4286162 (Oct. 28, 2010). Accordingly, to the extent Sutherland also asserts a claim that Denney failed to review his medical records and investigate and/or respond to his administrative grievances, such claim is without legal foundation and must also be dismissed.

          3.          <u>No Allegation of Deliberate Indifference - Dr. Dickinson/Doe Defendants</u>

In order to support a claim for relief under § 1983, a plaintiff must also set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation of such right by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. and Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.1993). Screening review reveals that in some instances, Sutherland has failed to state a plausible claim of a violation of a constitutional right.

Sutherland names JPS Hospital Dr. Dickinson and JPS Hospital personnel "John or Jane Does" as defendants. Am. Compl. 4, ECF No. 15. Sutherland writes that Dr. Dickinson "did not perform the surgery necessary in a timely manner, delaying 5 days." *Id.* at 4. Similarly, Sutherland contends that the Doe defendants delayed "5 days" in scheduling him for an MRI or surgery. *Id*. Later in the complaint, Sutherland acknowledges that he was under the care of JPS Hospital

13

emergency room personnel for those five days, and that Dr. Dickinson "performed the surgery that was delayed but indicated, upon [his] arrival at JPS." *Id.* at 9.

As noted above, Sutherland informed the Court that he was a pretrial detainee for the whole time period made the basis of his amended complaint. Am. Compl. 21, ECF No. 5. Thus treating Sutherland as a pre-trial detainee, his rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999). The Fourteenth Amendment protects a detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979). The Fourteenth Amendment also requires the state to provide for the basic human needs of pre-trial detainees, including the right to adequate medical care. *Lacy v. Shaw,* 357 F. App'x. 607, 609 (5th Cir. 2009) (citing *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996)). "The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Thompson*, 245 F.3d at 457).

In order to establish a violation of this constitutional right, a detainee must show that the defendants acted with deliberate indifference to his serious medical needs. *Lacy*, 357 F. App'x at 609. To make a claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with deliberate indifference to that risk. *Id.* (citing *Hare*, 74 F.3d at 647-48). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

14

In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy*, 357 F. App'x at 609 (citing *Johnson*, 759 F.2d at 1238). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Allegations of negligence in the provision of medical care are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Thompson*, 245 F.3d at 458-59 (noting that deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm")

The court has reviewed all of the facts Sutherland alleges against Dr. Dickinson and the Doe defendants. The one-time recited delay in surgery, for a time period during which Sutherland was otherwise being cared for in an emergency room, does not support any finding of deliberate indifference against these defendants. Because he has not alleged facts that could rise to the level of deliberate indifference against Dr. Dickinson and the Doe defendants, Sutherland has not stated a constitutional violation. Therefore, his § 1983 claims against these defendants must be dismissed for failure to state a claim upon which relief may be granted.

    4.    <u>Dismissal of Official Capacity Claims for Relief under § 1983</u>

Sutherland has also asserted claims under § 1983 against the defendants in an official capacity. Am. Compl. 1, ECF No. 15. When a government employee is sued in his or her official

capacity the employing entity is the real party in interest for the suit.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (explaining that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and are "treated as a suit against the entity") (citations omitted). As a result, Sutherland's claims against the defendants in their official capacities as employees of the Wise or Tarrant County Jails are construed as claims against Wise County and Tarrant County.

It is well established that a municipality or local government entity cannot be held vicariously liable under a theory of respondeat superior for the wrongdoing of municipal employees. *See Monell*, 436 U.S. at 691. Liability against a government entity is available under § 1983 only for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). To state a claim a civil rights plaintiff must allege, at a minimum, facts identifying the following essential elements: (1) an official policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy at issue.  *See Piotrowski*, 237 F.3d at 578.

Although Sutherland writes of the failure of jail "policy," "practice," or "custom," he does so only in conclusory fashion, and he never recites any particular policy of either county implemented by a policy maker that causes him to sustain injury. Am. Compl. 1, 3-4, 13, 17, ECF No. 15. Thus, Sutherland's allegations do not implicate any official policy and he does not articulate facts that would support a claim against Wise County or against Tarrant County. Thus, all of Sutherland claims for relief under § 1983 against the defendants in an official capacity must

be dismissed for failure to state a claim upon which relief may be granted.

### B. No Pendant State Law Claims

Sutherland recites on the first page of the amended complaint, and again in the relief section, that he seeks "resolution of pendant state claims." Am. Compl. 1, 5, ECF No. 15. This Court is afforded supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a) (West 2019). But, nowhere in his amended complaint does Sutherland otherwise actually assert or recite a cause of action under Texas law that could be said to be pendant to the underlying claims. As such, Sutherland's assertion of the right to seek relief for unidentified pendant claims also must be dismissed for failure to state claims upon which relief could be granted.

### C. Claims under the Americans with Disabilities Act ("ADA") and under the Rehabilitations Act of 1973 ("RA")

Sutherland also cites to the ADA and the RA in his amended complaint. Am Compl. 3, ECF No. 15. First, in his reference to defendants Lane Akin and Rick Denney, Sutherland writes "failure to [provide] ADA & RA accommodation." *Id*. at 5. He again references these laws in the relief section. *Id.* at 5. Then, Sutherland refers to the ADA and RA for "failing to treat his serious medical needs." *Id*. at 12. At the very end of his amended complaint, Sutherland also writes:

> The failure to allow Sutherland to participate in specialist ordered PT by Dr. Tibbels; Rick Denney; and Lane Akin was a violation of the Rehabilitation Act.
>
> The injuries caused by the fall on May 7, 2019 were a direct result of failure to accommodate under the Americans with Disabilities Act by Dr. Tibbels; Rick Denney;' and Lane Akin."

17

Am. Compl. 23, ECF No. 15. As explained below, the Court finds that Sutherland fails to articulate a valid claim under either the ADA or the RA.

Title II of ADA prohibits "disability discrimination in the provision of public services." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (West 2013). Similarly, the RA prohibits discrimination against individuals with disabilities in federally-funded institutions. *See* 29 U.S.C. § 794(a) (West 2018).

The same legal standards apply to both the ADA and the RA. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). To establish a viable claim, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) he is being discriminated against by reason of his disability. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Back v. Tex. Dep't of Crim. Just. Inst. Div.*, 684 F. App'x 356, 358 (5th Cir. 2017).

Although the ADA authorizes claims against a "public entity," it does not authorize individual liability. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (citations omitted). Likewise, a plaintiff cannot sue an individual under the RA and cannot utilize § 1983 as a vehicle to establish individual liability. *See Lollar v. Baker*, 196 F.3d 603, 609-10 (5th Cir. 1999); *but see Cooper v. Hung*, 485 F. App'x 680, 685 (5th Cir. 2012) (per curiam)

18

(distinguishing claims under the ADA and RA against an individual in his or her official capacity). Accordingly, Sutherland fails to state a claim under the ADA or the RA against any of the three defendants he asserted such claims against (Lane Akin, Rick Denney, and Dr. Tibbels) in their individual capacities.

To the extent that Sutherland asserts claims under the ADA and the RA against these defendants in their official capacity, he does not allege facts showing that the defendants violated his rights or that he was denied medical care because of a disability. Absent a showing that Sutherland was discriminated against or adversely treated by reason of a disability, he fails to establish a claim under the ADA and RA. *See Davidson v. Tex. Dep't of Crim. Just.*, 91 F. App'x 963, 965-66 (5th Cir. 2004) (affirming dismissal of an inmate's ADA claim because he failed to allege or show that he was adversely treated solely by reason of a disability); *Hay v. Thaler*, 470 F. App'x 411, 418 (5th Cir. 2012) (dismissing an inmate's claims under the ADA and RA for failing to show that the alleged discrimination was by reason of his disabilities). Therefore, all of Sutherland's claims under the ADA and the RA must be dismissed for failure to state a claim upon which relief may be granted.

### IV. ISSUANCE OF SUMMONS AS TO REMAINING CLAIMS

As to Sutherland's claims for relief under § 1983 against the remaining defendants, the Court will issue a separate order to allow Sutherland to obtain the issuance of summons.

### V. CONCLUSION and ORDER

It is therefore **ORDERED** that Sutherland's first amended complaint, construed as a motion for leave to amend the complaint (ECF No. 18), is **DENIED**.

It is further **ORDERED** that all of Sutherland's claims for violation of constitutional rights under 42 U.S.C. § 1983 against Lane Akin, Rick Denney, Dr. Dickinson, and the John and Jan Doe defendants in their individual capacities, are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

It is further **ORDERED** that all of Sutherland's claims for violation of constitutional rights under 42 U.S.C. § 1983 against all individual defendants in an official capacity, are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

It is further **ORDERED** that all of Sutherland's claims under the Americans with Disabilities Act and under the Rehabilitation Act of 1973 are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

It is further **ORDERED** that all of Sutherland's potential pendant state law claims are **DISMISSED without prejudice** to asserting in state court.

**SO ORDERED** this **9th day** of **February, 2021.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE