IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONALD SUTHERLAND, § <br> (aka Ronald David Sutherland), § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> LANE AKIN, Sheriff, § <br> Wise County, Texas et al., § <br> § <br> Defendants. § | Civil Action No. 4:19-cv-216-O |

**OPINION AND ORDER RESOLVING
MOTIONS TO DISMISS UNDER RULE 12(b)(6)**

Now pending before the Court are the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendant Charles Tibbels M.D. ("Dr. Tibbels") with a separate brief in support, and by defendant Lavonia M. Messick, LVN ("Nurse Messick") with an incorporated brief in support. ECF Nos. 37-38, 46. Plaintiff Ronald Sutherland ("Sutherland") filed a response to each Rule 12(b)(6) motion (ECF Nos. 45, 50), and Nurse Messick filed a reply to Sutherland's response (ECF No. 51). After considering the motions to dismiss, all briefing, and the applicable law, the Court finds that defendant Dr. Tibbels's motion to dismiss must be denied, but that Nurse Messick's motion to dismiss must be granted.

**I.    BACKGROUND/CASE HISTORY**

Plaintiff Sutherland initially filed a civil-rights complaint form with attachment pages. Complaint, ECF No.1. Subsequently, Sutherland, without seeking leave of Court, filed several additional handwritten pleadings, including: a "First Amendment/Supplement" (ECF No. 11); a "Second Amendment/Supplement" (ECF No. 12); and a "Third Amendment/ Supplement" (ECF

1

No. 13). The Court then directed Sutherland to file a form civil rights complaint with any attachment pages as an amended complaint, and informed Sutherland that "once the form amended civil-rights complaint is filed, the Court [would] look **only** to that document with any attachment pages in reviewing his claims." Order, ECF No. 14 (emphasis in original). In accordance with the Court's order, Sutherland then filed an amended complaint with attachment pages. Am. Complaint 1-26, ECF No. 15. That amended complaint included numerous claims against a large number of defendants arising from different periods of time when Sutherland was an inmate at the Wise County Jail and later at the Tarrant County Jail. Am. Compl., ECF No. 15. By an Opinion and Order of Partial Dismissal and a Rule 54(b) Judgment, this Court dismissed the bulk of claims alleged and defendants named by Sutherland in the amended complaint under authority of 28 U.S.C. § 1915A(b)(1). ECF Nos. 26, 27. The Court, however, allowed Sutherland to obtain service of process for his remaining claims in the amended complaint under 42 U.S.C. § 1983 against several individual defendants, including Dr. Tibbels, Nurse Messick, Wise County nurse Kaci Sartor ("Nurse Sartor"), Wise County healthcare provider Sue Fleming ("Fleming"), Dr. Aaron Shaw ("Dr. Shaw"), Tarrant County Officer Erick Gay ("Gay"), and Wise County Officer Monica Dougherty ("Dougherty"). ECF Nos. 26, 28, 29. Defendants Nurse Sartor and Dougherty filed an answer, and they remain before the Court. ECF No. 40. After providing Sutherland several months to effect service of process on these seven defendants, because he failed to timely effect proper service upon three of them by a deadline of August 23, 2021, the Court initially dismissed Fleming, Gay and Dr. Shaw under Federal Rule of Civil Procedure 4(m). Order of Dismissal, ECF No. 58, Rule 54(b) Judgment, ECF No. 59. In a post-judgment motion, however, Sutherland provided evidence that he had effected service upon Gay and Dr. Shaw, such that the Court vacated its prior

2

order, in part, and provided time for an answer from Gay and Dr. Shaw. Thus, only six defendants remain before the Court, and Dr. Tibbels and Nurse Messick seek dismissal under Rule 12(b)(6).

## II. Rule 12(b)(6) MOTIONS TO DISMISS

### A. Rule 12(b)(6) Standard Applicable to both Motions

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is generally viewed with disfavor. *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997). The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc*, 599 F.3d 458, 461 (5th Cir. 2010) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Rule 12 must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court cannot look beyond the face of the pleadings in resolving a Rule 12(b)(6) motion. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011) (explaining that "[w]e examine only the allegations within the four corners of the complaint"), *aff'd on rehearing en banc*, 675 F.3d 849 (5th Cir. 2012). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted)). Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and his "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), to the extent the Court concluded therein that a plaintiff can survive a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief"). Then, in *Ashcroft v. Iqbal,* the Supreme Court clarified that review of a 12(b)(6) motion is guided by two principles: (1) a court must apply the presumption of truthfulness only to factual matters and not to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678-680. If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the pleadings are subject to dismissal.

      **B.**      **Analysis – Dr. Tibbels's Motion to Dismiss**

            1.      <u>Sutherland's Claims against Dr. Tibbels</u>

Sutherland's remaining claims against Dr. Tibbels are in his individual capacity for a violation of Sutherland's constitutional rights under 42 U.S.C. § 1983. Am. Compl., ECF No. 15. Sutherland's amended complaint asserts numerous allegations against Dr. Tibbels arising from his time as an inmate at the Wise County Jail in Decatur, Texas. *Id.* at 13-23.

    \*    That the first time Sutherland saw Dr. Tibbels, Tibbels did not get out of his chair, did no exam, took no blood pressure, temperature or pulse, and in spite of not conducting an exam, recommended that any "shoulder surgery would have to wait" (*Id.* at 10);

4

* That between May 14, 2018, and July 30, 2018, Plaintiff lost 35 pounds, but that Dr. Tibbels determined that he was all right without preforming any exams or testing (*id.* at 11);
* That Dr. Tibbels (and Dr. Shaw) refused to access, review, and acknowledge the medical records that supported his claims (*id.* at 14);
* That in spite of Sutherland, in April 2019, having provided information to Dr. Tibbels supporting the need for treatment of his right hand, cervical and lumbar spine, and "Type 4 separated shoulder," Dr. Tibbels would not give him sufficient accommodations or an exam (*id*. at 15);
* That although he repeatedly filed grievances over the course of 14 months to Dr. Tibbels, he received no treatment for his hand or shoulder (*id.* at 17);
* That in response to his inquiries about treatment, Dr. Tibbels and others repeatedly asked when he was to be transported to TDCJ (*id*. at 18);
* That after repeated requests for a handicap-accessible cell and the filing of grievances over such failure, he fell and was injured in May 2019, exacerbating previous injuries to his spine, but Dr. Tibbels failed to examine him (*id.* at 21-22);
* That when he was ordered to receive physical therapy in the John Peter Smith orthopedic clinic in June 2019, Dr. Tibbels only approved half of the PT sessions that were recommended, causing atrophy to his tendons and ligaments (*id.* at 22-23); and
* That the delay in medical care by Dr. Tibbels caused Sutherland to sustain permanent nerve damage and loss of feeling and motor function in his lower extremities (*id.* at 18).

    2.    <u>Law Applicable to Denial of Medical Care by a Pretrial Detainee</u>

Sutherland alleges that Dr. Tibbels both delayed and denied his receipt of adequate medical care. Sutherland recites that he was a pretrial detainee for the whole time period made the basis of his amended complaint. Am. Compl. 21, ECF No. 15. As a pretrial detainee at the time of the events made the basis of this case, Sutherland's rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999). The Fourteenth Amendment protects a detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

5

The Fourteenth Amendment also requires the state to provide for the basic human needs of pretrial detainees, including the right to adequate medical care. *Lacy v. Shaw,* 357 F. App'x 607, 609 (5th Cir. 2009) (citing *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996). "The Fourteenth Amendment guarantees pretrial detainees a right 'not to have their serious medical needs met with deliberate indifference on the part of the confining officials.'" *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001)).

In order to establish a violation of this constitutional right, a detainee must show that the defendants acted with deliberate indifference to his serious medical needs. *Lacy*, 357 F. App'x at 609. To state a plausible claim of deliberate indifference, a plaintiff must demonstrate that the defendant official has actual subjective knowledge of a substantial risk of serious harm, but responds with deliberate indifference to that risk. *Id.* (citing *Hare*, 74 F.3d at 647-48). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy*, 357 F. App'x at 609 (citing *Johnson*, 759 F.2d at 1238). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Allegations of negligence in the provision of medical care are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the Constitution "is simply not implicated by a negligent act of an official

causing unintended loss of or injury to life, liberty, or property"); *Thompson*, 245 F.3d at 458-59 (noting that deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm.")

### 3. Application of Law to Sutherland's Claims Against Dr. Tibbels

Dr. Tibbels argues in his motion to dismiss that Sutherland's factual allegations fall short of alleging deliberate indifference, arguing that "[i]nstead, Plaintiff's allegations regarding Dr. Tibbels are a litany of complaints about perceived delay in attending to his medical grievances and insinuations of medical negligence." Dr. Tibbels's Brief 6, ECF No. 8. But Sutherland argues in his response that Dr. Tibbels has re-characterized his complaint and argues that his amended complaint did not assert "perceived delays," but rather asserted actual delays in treatment that caused him harm. Pl.'s Resp. 5, ECF No. 45. Sutherland also points out that his amended complaint includes factual assertions of not being given physical therapy even though ordered by a surgeon, failure to schedule him for a shoulder procedure, failure to treat him for herniated discs, and claims that he was never examined until he actually sustained a loss of motor functioning and paralysis, resulting in permanent damage. *Id*. This Court agrees with Sutherland and finds, as it did at the time it allowed the § 1983 claim against Dr. Tibbels to be served, that Sutherland has sufficiently alleged a violation of his Fourteenth Amendment right to receive adequate medical care, which must be taken as true at this stage of the litigation. Thus, Dr. Tibbels's motion to dismiss under Rule 12(b)(6) must be denied.

### C. Analysis - Nurse Messick's Motion to Dismiss

#### 1. Plaintiff's Claims Against Nurse Messick

Unlike his claims against Dr. Tibbels for lack of adequate medical care, Sutherland's claims against Tarrant County Nurse Messick are for a violation of his constitutional rights arising

from his exposure to "inhumane conditions of confinement [and] exposure." Am. Compl. 4, ECF No. 15. Sutherland asserts that the conduct at issue involving Nurse Messick occurred in December 2018 at the Tarrant County Jail Lon Evans facility. *Id.* at 12. Sutherland's allegations against Nurse Messick include the following:

* That on December 22, 2018, Plaintiff was moved to the Lon Evans facility and Nurse Messick was on duty "at 18:00 to 22:00." (*Id*. at 12);
* Plaintiff was allegedly subjected to "deplorable inhumane conditions that continued for days." (*id*). This included "[t]he smell of feces all over the walls and around the toilet was so bad officers put blankets on the front door to contain smell." (*id*).  Also, "Bloody bandages, feces, decaying food, and trash all over the cell." (*id*);
* Nurse Messick and Dr. Shaw allegedly made rounds daily and were allegedly responsible for the care of two other male inmates and allegedly allowed the care of these two other men (not Plaintiff himself) to "lapse into the inmates living in feces, bloody bandages, and trash." (*id.* at 19).  The amended complaint alleges this was "[a] condition that was compounded by officers lack of concern and lack of cleaning that constituted the deplorable conditions Sutherland was introduced into and lived in for days." (*id*. at 19); and
* Plaintiff further alleges that he "was basically forced to care for these [other two] inmates and change diapers, clean feces without gloves or proper protection for over 2 weeks until he was moved." (*id.* at 19).

Nurse Messick moves to dismiss on several grounds, including that (1) Sutherland's claims for compensatory monetary damages are barred due to a failure to allege physical injury, (2) his claims against her fail to state a constitutional violation, and (3) since Sutherland is no longer housed at the Lon Evans Jail, his claims for declaratory and injunctive relief must be dismissed as moot.[1] Messick's Mot. Dism. 3-4, ECF No. 46.

### 2.    Law Applicable to Claims for Monetary Damages if No Physical Injury

As the Court previously noted, because Sutherland was a "prisoner" as defined under 28

---

[1] Nurse Messick also asserts an entitlement to the defense of qualified immunity. Messick's Mot. Dism. 8-9, ECF No. 46. Because the Court can resolve the motion to dismiss on the other presented grounds, the Court need not reach the qualified immunity defense.

U.S.C. § 1915A(c) of the Prison Litigation Reform Act ("PLRA") at the time he filed this suit, the provisions of the PLRA still apply even though he has been released from confinement. *See Johnson v. Hill,* 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997) (PLRA screening provisions); *see also Lewis v. Martinez*, 9:15-cv-55 MAD/ATB, 2018 WL 7917916, at *7 (N.D.N.Y. Nov. 9, 2018) (citations omitted) (PLRA exhaustion provisions). Among other things, the PLRA bars "prisoners" from bringing an action in federal court for mental or emotional injuries suffered in custody without a prior showing of physical injury. *See* 42 U.S.C. § 1997e(e). The PLRA's "physical injury" limitation on monetary damages still applies if the plaintiff was incarcerated when the suit was filed, but is later released. *See Harris v. Garner*, 216 F.3d 970, 974-75 (11th Cir. 2000) (holding the focus is on "where the plaintiff was confined when he filed the lawsuit[.] It is confinement status at the time the lawsuit is 'brought,' i.e. filed, that matters."); *Dill v. Oslick*, No. CIV A. 97-6753, 1999 WL 508675, at *5 (E.D. Pa. July 19, 1999). Thus, as argued by Nurse Messick, this provision is applicable to Sutherland's claims.

The physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does

not apply to a Fourth Amendment claim, emphasizing that, in *Geiger*, the court noted that "1997e(e) applies to *all federal civil actions*," and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude[d] his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original). Applying these holdings to the instant case, no matter the substantive constitutional violations asserted by Sutherland against Nurse Messick, a failure to allege physical injury bars any claims for compensatory damages.

In the instant case, Sutherland has not pleaded any physical injury as a result of the conditions to which he alleges he was exposed in the Lon Evans Jail as a result of Nurse Messick's acts and omissions. Sutherland alleges that there was the "smell of feces" from the walls and around the toilet, and that there was bloody bandages and decaying food in the cell. Am. Compl. 12, 19, ECF No. 15. Sutherland's complaints are essentially that he was housed in an unsanitary environment, which lasted "for days," until he was ultimately moved. *Id*. Such facts alleged by Sutherland show no claim of physical injury, but rather, at best, allege that he suffered a de minimis injury, which is not enough to satisfy § 1997e(e). *See Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630-31 (5th Cir. 2003) (holding that the "physical injury" required by § 1997e(e) must be more than de minimis, and that nausea and vomiting resulting from the smell of raw sewage covering the floor of his cell amounted to only a de minimis injury); *see also Letizia v. Gonzalez*, Civ A No. H-18-4814, 2019 WL 2185518, at *2 (S.D. Tex. May 21, 2019) (dismissing inmate's conditions of confinement claim of being forced to defecate in plastic bags and urinate in the shower for a period of five days because of "no water service," because no physical injury was alleged, holding that "[Inmate Plaintiff] Letizia cannot recover compensatory damages for

10

psychological distress due to his temporary exposure to unsanitary conditions of confinement") (citing 42 U.S.C. § 1997e(e)).

        3.      Application of Law to Sutherland's Compensatory Damage Claim Against Nurse Messick

Plaintiff Sutherland has failed to allege any physical injury to support his claims for compensatory damages against defendant Nurse Messick. Although Sutherland filed a response to Nurse Messick's motion to dismiss his claim on this basis, he did not submit any argument in response to this part of Nurse Messick's motion and did not respond to the cases cited above showing that inmates are not entitled to recover compensatory damages unless there is a prior showing of physical injury. *See Alexander*, 351 F.3d at 630-31. As a result, Nurse Messick's motion to dismiss must be granted to the extent Sutherland's claims for compensatory damages must be dismissed.

        4.      No Constitutional Violation as to Claims for Nominal and Punitive Damages

In addition to seeking compensatory monetary damages, Sutherland also claims in his amended complaint to seek both nominal and punitive damages. Am. Compl. 5, ECF No. 15. The Fifth Circuit has recognized that the § 1997e(e) limitation on compensatory damages without physical injury does not preclude claims for nominal or punitive damages. *See Hutchins,* 512 F.3d at 198. Thus, the Court next considers Nurse Messick's motion to dismiss on the basis that Sutherland has failed to state a claim against her.

The constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Nor does the Constitution "require that prisons be completely sanitized or as clean or

free from potential hazards as one's home might be." *McAllister v. Strain*, No. 09-2923, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009) (citations omitted). The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees such as Sutherland here. *Hare*, 74 F.3d at 639. The proper analysis of each category of claims is the same, as "Fourteenth Amendment case law concerning pretrial detainees [is based] on the [United States] Supreme Court's Eighth Amendment precedent concerning prisoners." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citing *Hare*, 74 F.3d at 643-44) (internal citation *Farmer v. Brennan*, 511 U.S. 825 (1994)). The Fifth Circuit recently explained:

> The [Constitution] requires prison officials to provide "humane conditions of confinement" with due regard for inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832, 827 (1994). To show a violation, inmates must prove that they were exposed "to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). The presence of a substantial risk is an objective inquiry. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Deliberate indifference however, is subjective; it requires a showing that prison officials had actual knowledge of a risk and disregarded it. *Id*. Knowledge may be inferred from the circumstances particularly, where the risk is obvious. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002).

*Valentine v. Collier*, 978 F.3d 154, 162-63 (5th Cir. 2020). "Deliberate indifference is an extremely high standard to meet." *Domino v. TDCJ*, 239 F. 3d 752, 756 (5th Cir. 2001).

Plaintiff's amended complaint regarding the lack of cleaning of his cell is aimed not at Nurse Messick, but at other jail officers. Am. Compl. 12 and 19, ECF No. 15 ("A condition that was compounded by officers' lack of concern and lack of cleaning . . ." and alleging that "officers put blankets in front of the door to contain the smell."). But Sutherland cannot hold Nurse Messick liable under § 1983 for the alleged actions of another jail official. *Estate of Munoz by Ruelas v.*

12

*Ford*, 402 F. Supp. 3d 344, 350 (E.D. Tex. 2019) ("Officials are not liable for the conduct of other officials. Instead, each official's liability depends upon his or her 'own actions'") (citation omitted). Thus, to the extent Sutherland's claims against Nurse Messick involve the unsanitary conditions pertaining to his cell not being cleaned, such claims must be dismissed.

Sutherland's only direct allegations pertaining to Nurse Messick relate to her (and Dr. Shaw's) alleged treatment (or lack thereof) she provided to two other inmates, neither of whom is a party to this suit.[2] Am. Compl. 19, ECF No. 15. This is not a condition of confinement issue. Although Sutherland includes the conclusory allegations that he had to change diapers and had to care for other inmates, he does not allege that it was Nurse Messick, a nurse, that forced him to do this. As such, Sutherland's claims against Nurse Messick may also be dismissed for failure to state a claim upon which relief may be granted.

### 5. Claims for Declaratory and Injunctive Relief are now Moot

In Sutherland's amended complaint, he seeks declaratory and injunctive relief. He argues in response to Nurse Messick's motion to dismiss that "even if the other relief is unavailable the declaratory judgment would still be in play and would not be mooted by Plaintiff's release." Pl.'s Resp. ¶ 4, ECF No. 50. Plaintiff's claims for such relief, however, are rendered moot, given the fact that Sutherland is no longer housed at the Lon Evans Jail facility. *See* Am. Compl 19, ECF No. 15 (alleging that he "was moved from the Lon Evans facility"); *Herman v. Holiday*, 238 F.3d

---

[2] Even to the extent Sutherland seeks to assert claims on behalf of these other inmates, he lacks standing to bring medical treatment claims on behalf of other inmates. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Wilson v. Caldwell Corr. Ctr.*, No. 3:16-cv-1321, 2016 WL 7840735, at *2 (W.D. La. Dec. 5, 2016), *rep. and rec. adopted*, 2017 WL 244749 (W.D. La. Jan. 18, 2017).

660, 665 (5th Cir. 2001) (holding that even if inmate was able to establish a constitutional violation, his transfer to another prison rendered moot his claims for declaratory and injunctive relief); *see also Rinehart v. Alford*, 3:02-cv-1565R, 2003 WL 23473098, at *2 n.3 (N.D. Tex. Mar. 3, 2003) ("since [the prisoner] has been transferred to TDCJ State Jail division any request for declaratory or injunctive relief, if any, is now moot."); *Hood v. Alford*, 3:04-cv-0473-D, 2004 WL 1146582, at *1 (N.D. Tex. May 20, 2004), *rep. and rec. adopted*, 2004 WL 1393774 (N.D. Tex. June 21, 2004) ("Plaintiff is no longer incarcerated at the Johnson County Jail. His transfer to TDCJ-CID renders his claims for declaratory and injunctive relief moot as to all Defendants.").

As such, Sutherland's claims for declaratory and injunctive relief against Nurse Messick must be dismissed as moot.

### III. CONCLUSION and ORDER

It is therefore **ORDERED** that Defendant Dr. Charles Tibbels's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 37) is **DENIED**. It is further **ORDERED** that Dr. Tibbels must file an answer to Plaintiff's amended complaint by **October 5, 2021**.

It is further **ORDERED** that Defendant Lavonia Messick's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 46) is **GRANTED**, such that all Plaintiff Sutherland's remaining claims against Lavonia Messick are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this **15th day** of **September, 2021.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE