IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONALD SUTHERLAND, § <br> (aka Ronald David Sutherland), § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> LANE AKIN, Sheriff, § <br> Wise County, Texas et al., § <br> § <br> Defendants. § | Civil Action No. 4:19-cv-216-O |

## ORDER GRANTING MOTION TO DISMISS CLAIMS AGAINST DR. CHARLES TIBBELS

In this case, plaintiff Ronald Sutherland has claims still pending against one defendant Dr. Charles Tibbels. Sutherland has now filed both an "Advisory to Court" informing the Court that the parties reached a settlement, and a separate motion to dismiss all claims against Dr. Tibbels with prejudice. ECF Nos. 99 and 105. After review and consideration, that motion will be granted.

It is therefore **ORDERED** that Sutherland's "Motion to Dismiss with Prejudice Defendant Charles Tibbels, M.D." (ECF No. 105) is **GRANTED**, such that all plaintiff Sutherland's remaining claims against Dr. Tibbels are **DISMISSED** with prejudice.[1]

**SO ORDERED** this **2nd day** of **August, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] In the May 4, 2022 Memorandum Opinion and Order, the Court tabled Officer Gay's request that the Court make a determination that plaintiff Sutherland is a vexations litigant. Mem. Op. and Order 32, n. 9, ECF No. 92; Gay Mot. to Dism. 2–23, ECF No. 69. This Court acknowledged early in the case that Sutherland, then a prisoner, was barred from proceeding in forma pauperis due to having three strikes under 28 U.S.C. § 1915(g). Order 1-3, ECF No. 5. That remains applicable whenever Sutherland is a prisoner at the time of filing suit. In this case, however, although the Court summarily dismissed many claims under 28 U.S.C. § 1915A(b)(1), it also allowed Sutherland to obtain service of process on seven defendants, and he then contested several dispositive motions, and ultimately was able to obtain a partial recovery against one defendant. Thus, the Court determines that the request to deem Sutherland a vexatious litigant arising from the resolution of this case (ECF No. 69), must be denied.